NOTICE
Decision filed 04/23/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 240727-U

NO. 5-24-0727

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| LARRY J. STORK and BRENDA L. STORK, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellees, | ) | Randolph County. |
| | ) | |
| v. | ) | No. 22-CH-13 |
| | ) | |
| DENNIS G. DEPPE, | ) | Honorable |
| | ) | Jeremy R. Walker, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Presiding Justice McHaney and Justice Welch concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where the circuit court's determination of a complaint for the partition of real property was not against the manifest weight of the evidence, the judgment is affirmed.

¶ 2    This appeal arises from an action in partition involving real property owned by defendant Dennis G. Deppe and by plaintiffs Larry J. and Brenda L. Stork. The Storks filed a complaint for partition of the real property. Eventually, the circuit court entered a judgment of partition and ordered the judicial sale of the property, at which the Storks were the highest and best bidder. Deppe now appeals. This court affirms the judgment.

¶ 3                                    BACKGROUND

¶ 4    The facts of this case, described here, were derived from the record on appeal. Although the common law record appears to be complete, the report of proceedings is far from complete. It

1

consists of only two transcripts, *viz.*: (1) the transcript of a hearing held on May 30, 2023, at which the circuit court granted Deppe's motion to vacate a default order that had been entered against him in the partition action weeks earlier, and (2) the transcript of a hearing held on March 22, 2024, at which the circuit court set a date and time for a judicial sale of the property in the partition action. Most notably, the report of proceedings is missing verbatim transcripts (or bystander's reports or agreed statements of facts) of the hearings apparently held on July 18, 2023, and August 28, 2023. On July 18, 2023, the court apparently held the key hearing on the partition action; this hearing ended with an order appointing a commissioner to decide whether the property could be partitioned without manifest prejudice to the parties, and if not, to make an appraisal of the property. On August 28, 2023, the court held a hearing on the commissioner's report; this hearing ended with an order for a judicial sale of the property. The appellant, as the one seeking review, "has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id.* at 392.

¶ 5 In January 2023, the Storks, by and through their counsel, filed a verified amended complaint for partition, which is the operative complaint on appeal. The amended complaint sought the partition of real property situated entirely in Randolph County, Illinois, and it particularly described the premises. It set forth that the property was owned by the Storks and by Deppe, in fee simple as tenants in common, with the Storks, as joint tenants, owning an undivided 2/3 interest in the property, and Deppe owning an undivided 1/3 interest in the property. See 735 ILCS 5/17-102 (West 2022) (required contents of a complaint to compel a partition).

2

¶ 6    The Storks made several attempts to serve Deppe personally with process at his home in Florida, but they were unable to serve him. They then served him by publication in a Randloph County newspaper and mailing. When Deppe did not file an appearance, answer, or other responsive pleading, the Storks, on March 21, 2023, filed with the circuit court a motion for the entry of an order of default against Deppe, with proper notice to Deppe.

¶ 7    At a hearing held on April 3, 2023—a transcript or other record of which is not included in the record on appeal—the circuit court granted the Storks' motion for a default order against Deppe. At the same time, the court entered an order for partition of the property. This order included the appointment of a commissioner, who was to report on whether the premises were subject to division without manifest injustice to the rights of the owners and, if the premises were not susceptible of division, to appraise the value of the premises, in anticipation of a sale. Storks' counsel mailed Deppe copies of the default order and of the partition order.

¶ 8    On April 28, 2023, Deppe filed his appearance *pro se*. He also filed a motion to vacate the default order that had been entered against him.

¶ 9    On May 10, 2023, Deppe filed an unverified answer to the Storks' verified amended complaint, which included an affirmative defense of unclean hands, and two counterclaims. The counterclaims were subsequently dismissed, without prejudice, on Deppe's motion. On May 26, 2023, the Storks filed a response to the affirmative defense that had been asserted by the defendant, denying that they had unclean hands. Also on May 26, 2023, Deppe filed an unverified amended answer to the Storks' verified amended complaint. In his amended answer, Deppe stated that he and the Storks owned additional property that was not described in the Storks' amended complaint, and he denied that the Storks had no adequate remedy at law. The affirmative defense and the two counterclaims were unchanged from the original answer.

3

¶ 10    At a hearing on May 30, 2023—a verbatim transcript of which is included in the record on appeal—the Storks' counsel appeared, and Deppe appeared *pro se*. The circuit court granted Deppe's motion to vacate the default order. In addition to vacating the default order, the court vacated the order for partition, except as to the appointment of a commissioner. The court announced its intention to schedule a hearing on "all issues" relating to partition. When Deppe questioned the idea of scheduling such a hearing when the ownership of the property was not yet resolved, the court indicated that the Storks, at that hearing, would need to prove ownership. "I can't divide something that they don't own," the court stated. The court scheduled a hearing on partition for July 18, 2023.

¶ 11    On June 2, 2023, Deppe filed a verified "affidavit in support of material dispute with plaintiff's factual allegation." It concerned a mobile home that was situated on the premises, and it alleged that the Storks and their counsel, through the pleadings that they had filed, had committed a fraud in regard to this home. Several exhibits were attached. A few days later, Deppe filed an amended affidavit that was essentially the same as the original.

¶ 12    On June 8, 2023, Deppe filed an "affidavit of supplemental information on filing and service for case 2022 CH 13." He alleged that his service with the complaint in this case had been adversely affected by the theft of his intellectual property, and attempts to cover up the theft, as well as related patent fraud and tax fraud, which involved three different U.S. universities, employees of the Department of Defense and the Internal Revenue Service, congressmen from Texas, the office of Florida Governor Ron DeSantis, Senator Kamala Harris of California, *et al.*

¶ 13    On June 26, 2023, Deppe filed a "motion in opposition of May 30, 2023, partition order." He expressed his opposition to a partition hearing prior to discovery and the resolution of "federal questions" stemming from the matters discussed in the affidavit he had filed on June 8, 2023.

4

¶ 14    Deppe removed this case to federal court in late June 2023, but on July 13, 2023, the case was remanded to the circuit court of Randolph County. The federal district court for the Southern District of Illinois found that it lacked federal-question jurisdiction and diversity jurisdiction (due to an insufficient amount in controversy).

¶ 15    On July 18, 2023, the court apparently held its previously scheduled hearing on partition. No transcript or other record of this key hearing is included in the record on appeal. The docket entry for that date states only, "Order for Partition on file. Exhibit List on file." The docket entry also suggests the presence of the judge and a court reporter, suggesting that the court conducted a hearing that day.

¶ 16    Also on July 18, 2023, the circuit court entered a written order. In that order, the court found that the premises, and the interests of the Storks and of Deppe, were as described in the Storks' amended complaint. The court also found that the Storks were entitled to partition. Additionally, the court appointed a commissioner to decide whether the property could be partitioned without manifest prejudice to the parties, and if not, to make an appraisal of the property. A review was set for September 12, 2023. Accompanying this order was a list of "exhibits" that had been offered by the plaintiff (*i.e.*, the Storks) and admitted into evidence by the court. These exhibits were an "email for order of remand" and two affidavits describing various deeds. The list was dated July 18, 2023.

¶ 17    During the last week of July 2023, the commissioner reported to the court, in writing and under oath, that the property was not susceptible to division without manifest injustice to the parties in interest. He appraised the property at $67,000.

¶ 18    The Storks' attorney mailed Deppe a notice of hearing on the commissioner's report, scheduled for August 28, 2023.

5

¶ 19   On August 28, 2023, a hearing on the commissioner's report appears to have been held. No transcript or other record of this important hearing is included in the record on appeal. The docket entry for that date reads: "Sale set for 10/03/2023 at 11:00 in courtroom 2. Order of court on file. (Setting the sale for 10/3/23)." On August 28, 2023, the court entered an order. The order noted the commissioner's appraisal of the property at $67,000; it ordered a judicial sale of the property on October 3, 2023, at 11 a.m.; and it set a minimum purchase price of $44,667, which was two-thirds of $67,000. See 735 ILCS 5/17-105 (West 2022) ("No sale may be approved for less than two-thirds of the total amount of the valuation of the premises to be sold.").

¶ 20   Almost one month after the order for a judicial sale, Deppe filed a notice of appeal. Two amended notices of appeal followed. In early October 2023, the circuit court found that it lacked jurisdiction to conduct the scheduled sale; it set the case for review, and ordered copies sent to the parties. On February 21, 2024, this court granted the Storks' motion to dismiss Deppe's appeal as premature. See *Stork v. Deppe*, No. 5-23-0767.

¶ 21   With Deppe's appeal dismissed as premature, the Storks filed a motion on February 23, 2024, to set a new date and time for the judicial sale. On that same date, the Storks' attorney mailed Deppe a notice of a hearing for March 8, 2024, on that motion. The hearing on the motion to set a new date for the judicial sale was reset to March 22, 2024, and the Storks' counsel mailed to Deppe a notice of the March 22, 2024, hearing.

¶ 22   On February 28, 2024, Deppe filed a "motion for judicial notice pursuant to the Illinois Rules of Evidence Rule 201." He asked the court to take judicial notice of a quitclaim deed for the property, signed by grantors Russell and Elizabeth Deppe on July 13, 2007, and a certificate of title of a motor vehicle, issued to Brenda L. Stork in May 2022 for a 2004 mobile home that she had purchased on April 27, 2022. Deppe alleged that these documents were evidence of "fraud"

6

brought upon the circuit court by the Storks' attorney and by the judge in this case, who was a former law partner of the Storks' attorney.

¶ 23    On March 22, 2024, the circuit court held a hearing in these proceedings. A verbatim transcript of that hearing is a part of the record on appeal. The Storks appeared by counsel, and Deppe appeared *pro se*. The court asked the parties whether a judicial sale, pursuant to the previously entered order of partition, was needed. Storks' counsel indicated that a sale was needed. Deppe agreed, but he stated that a "fraud" had been committed upon the court. "I have sent you a judicial notice that explains that," he told the court. "I still have that position." Deppe suggested "that this case be closed out with a motion for summary judgment." The court responded that Deppe had "missed [his] opportunity" to "file pleadings, etc." when he chose to file suit in federal district court, a suit that the district court "didn't feel was appropriate" and therefore remanded the case to the circuit court. The court continued to address the defendant: "Then we actually had a hearing set where you had an opportunity to tell me your side of the story and you didn't show up." (Apparently, the circuit court was referring to the partition hearing that was held on July 18, 2023.) According to the court, the plaintiffs had a witness testify at that hearing. "You chose not to be here that day, and for that, you made a decision that you have to live with." The defendant tried repeatedly to discuss "fraud upon the court" and the court's failure to address that issue. The court told the defendant to stop interrupting or he would have the bailiff remove him from the courtroom. Eventually, the bailiff did remove Deppe from the courtroom. The court entered an order setting the judicial sale for April 30, 2024.

¶ 24    On April 30, 2024, the circuit court reported that it had conducted a judicial sale of the property in open court on that date, after due notice published in a Randolph County newspaper, and the Storks were the highest bidder at $44,667.

7

¶ 25    Also on April 30, 2024, the court scheduled a May 14, 2024, hearing for the entry of an order approving the report of sale. The Storks' attorney mailed notice of that hearing to Deppe.

¶ 26    On May 9, 2024, Deppe filed "Defendant's Response to Plaintiffs' Motion Opposing Sale Dated 04/030/2024 [*sic*]." Deppe wrote that he continued to oppose any sale of the property, for the reasons given in his motion for judicial notice, filed on February 28, 2024.

¶ 27    On May 13, 2024, Deppe filed a notice that he would be unable to attend the hearing on May 14, 2024.

¶ 28    On May 14, 2024, the circuit court entered an order that approved the report of sale and confirmed the sale of the property to the Storks. On that same date, the judge issued a judicial deed to the Storks, as joint tenants of the property.

¶ 29    Deppe filed a timely notice of appeal, thus perfecting the instant appeal.

¶ 30                                ANALYSIS

¶ 31    Deppe appeals *pro se* from the circuit court's determination on the Storks' complaint for partition. "Generally speaking, because a complaint for a partition is seeking equitable relief, [this court will] review the matter on a manifest-weight-of-the-evidence standard." *Robinson v. North Pond Hunting Club*, 382 Ill. App. 3d 888, 892 (2008).

¶ 32    In the argument section of the *pro se* appellant's brief that he filed in this court, Deppe presents three arguments, as follows:

        (1) The quitclaim deed of July 13, 2007, in which grantors Russell and Elizabeth Deppe conveyed the property to Dennis Deppe, Diane Copeland, and Marilyn Clasen (the grantors' three children), reserving a life estate for themselves, shows that Russell and Elizabeth Deppe intended to include in that quitclaim deed the mobile home that had been installed on the property in 2004, but the Storks sought to circumvent this intention when,

8

just two months after Elizabeth Deppe's death in February 2022, plaintiff Brenda L. Stork obtained a certificate of title of a vehicle for this same mobile home. According to Deppe, this action by the Storks "has now placed the question of the legal validity of the CERTIFICATE OF TITLE OF A VEHICLE in front of this [Appellate] Court, and whether the Plaintiffs Larry and Brenda Stork have unclean hands in commission of fraud in obtaining the CERTIFICATE OF TITLE OF A VEHICLE, No. 22125692128." In an appendix attached to his appellant's brief, Deppe has included, among other documents, copies of the 2007 quitclaim deed and the certificate of title of a vehicle.

(2) A "Motion to Set Partition Sale Date & Time," which was filed by the Storks' attorney on February 23, 2024, was not certified and was not served on Deppe. Deppe asks this court to "examine the motion" since it "appears to violate Ill. Sup. Ct. R. 12 and 735 ILCS 5/1-109, and possible additional Illinois state statutes and federal law."

(3) The actual value of the property "is estimated to be in the range of $240,000 to $300,000." This assertion is based on the "list price" of each of three "[c]omparable homes listed for sale by the website Zillow," presumably at the time Deppe filed his appellant's brief in this court in September 2024. Also, the Storks "prevented" Deppe from using the premises from December 2021 onward, by threatening Deppe with personal injury and by trespass to his vehicle, which was parked on the premises.

¶ 33    In other words, Deppe is asking this court to examine, and to decide, matters that the circuit court did not consider, and was not asked to consider at a hearing. This court cannot examine or decide such matters. See *Jameson Real Estate, LLC v. Ahmed*, 2018 IL App (1st) 171534, ¶ 75 (an issue not presented to or considered by the trial court cannot be raised for the first time on appeal); *Sylvester v. Chicago Park District*, 179 Ill. 2d 500, 507 (1997) (evidence not offered during trial

9

cannot be introduced for the first time on appeal). The "legal validity" of Branda L. Stork's certificate of title of a vehicle is a question that the circuit court, apparently, never addressed. The court did not address that issue because, as the court noted at the hearing on March 22, 2024, "we actually had a hearing set where you had an opportunity to tell me your side of the story and you didn't show up." (Deppe's unexplained absence from that hearing may seem surprising, given the large number of motions and affidavits he filed, some of which actually concerned Brenda L. Stork's certificate of title of a vehicle. Nevertheless, Deppe "didn't show up" for that hearing.) The same is true in regard to the other issues that Deppe now asks this court to consider. For example, Deppe asks this court to consider comparable properties that he found for sale on the Zillow website, in order to value the property at issue, but there is no evidence that he ever presented such evidence to the circuit court for it to consider. He never told his "side of the story" as to valuation, either. As the court bluntly put it to Deppe, "You chose not to be here that day [of the hearing], and for that, you made a decision that you have to live with."

¶ 34 If, in fact, the circuit court was asked to consider such issues and evidence at a hearing, there is no transcript of other record of such a hearing. Deppe was obligated to supply this court with an adequate record on appeal. See *Foutch*, 99 Ill. 2d at 391-92. Absent such a record, this court will presume that the circuit court conformed its decision to the law and based it on sufficient facts. *Id.* at 392 (there was no basis to find that the trial court abused its discretion in denying a motion to vacate a judgment order, where there was no transcript of the hearing on the motion).

¶ 35 As a final matter, we address three motions the parties have filed in this court, and which have been taken with the case. The first is Deppe's motion to take judicial notice of the vehicle title and quitclaim deed referenced above. The second is Deppe's motion to take judicial notice of the fact that the Storks' February 23, 2024, motion to set a new date and time for the judicial sale

10

was not e-filed, in violation of Illinois Supreme Court Order M.R. 18368, which mandates e-filing of all documents in civil cases. The third motion is the Storks' motion to strike Deppe's motions on the basis that they contain arguments and issues that Deppe failed to raise in the trial court. We agree with the Storks. As noted above, Deppe's argument regarding the quitclaim deed and the vehicle title was not raised below. Neither was his argument regarding the Storks' alleged failure to e-file their February 23, 2024, motion to set a new date and time for the judicial sale. That motion was heard on March 22, 2024, and Deppe appeared *pro se*. Thus, he had the opportunity to raise the issue of the Storks' alleged noncompliance with Illinois Supreme Court Order M.R. 18368 and failed to do so. Consequently, we grant the Storks' motion to strike, and we strike Deppe's motions to take judicial notice.

¶ 36                                    CONCLUSION

¶ 37    For the reasons stated above, the circuit court's determination of the complaint for partition is not against the manifest weight of the evidence.


¶ 38    Affirmed.